**SO ORDERED.**

**SIGNED this 09 day of February, 2007.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| KELVIN RIVERS<br>MARY T. RIVERS | 07-00375-8-JRL |
| DEBTORS | |

### ORDER DISMISSING CASE

This matter is before the court on the issue of the debtors' completion of credit counseling more than 180 days prior to the filing of the petition. The debtors filed a voluntary petition pursuant to chapter 13 on February 2, 2007. The debtors filed certificates of credit counseling indicating that the debtors completed their credit counseling on June 6, 2006.

11 U.S.C. § 109(h)(1) requires that the debtor complete credit counseling "during the *180-day period preceding the date of filing of the petition by such individual* . . . ." (emphasis added). June 6, 2006 is 241 days prior to February 2, 2007. Therefore, the debtors did not meet the requirements of § 109(h). Section 109(h) does provide several exceptions for debtors who are unable to complete their credit counseling for various reasons prior to their filing. However, it does not provide an alternative for those

who complete their credit counseling more than 180 days prior to their filing. See In re Giles, No. 06-23988, 2007 WL 259920 (Bankr. D. Utah Jan. 19, 2007) (dismissing debtor's case for failure to comply with § 109(h) when the debtor obtained credit counseling 182 days prior to filing); In re Jones, 352 B.R. 813 (Bankr. S.D. Tex. 2006) (dismissing debtor's case for failure to comply with § 109(h) when the debtor obtained credit counseling 190 days prior to filing).

Based on the foregoing, the debtors' case is **DISMISSED** for failure to comply with the requirements of § 109(h).

**SO ORDERED**.

**END OF DOCUMENT**